UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SWANSON GROUP MFG. LLC, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Case No. 10-1843 (RJL) |
| KEN SALAZAR, et al., | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

On December 16, 2010, three non-profit organizations—Klamath-Siskiyou Wildlands Center, Oregon Wild, and Cascadia Wildlands—moved this Court for leave to intervene as of right with respect to the first claim for relief in the amended complaint in the above-captioned action. Def.-Intervenor-Applicants' Mot. Intervene [Dkt. #12]. Defendants Kenneth Salazar, the Secretary of the Interior, and Thomas Vilsack, the Secretary of Agriculture, (together the "federal defendants") requested that this Court ⁿpose certain conditions on the proposed intervenors should this Court grant ≥rvention. Fed. Defs. Response 1-2 [Dkt. #13]; *see also Fund for Animals, Inc. v. ⁱon*, 322 F.3d 728, 738 n.11 (D.C. Cir. 2003); *Wildearth Guardians v. Salazar*, 272 ). 4, 20-21 (D.D.C. 2010). This Court denied the motion for intervention by Minute ɔn July 19, 2011. On December 14, 2011, our Circuit reversed and remanded with ⁱs to grant the motion to intervene. 442 Fed. App'x 572 (D.C. Cir. 2011).

Accordingly, it is, this __31st__ day of January, 2012, hereby

**ORDERED** that the defendant-intervenor-applicants Klamath-Siskiyou Wildlands Center, Oregon Wild, and Cascadia Wildlands (hereafter "intervenors") are **GRANTED** intervention as of right as party defendants pursuant to Fed. R. Civ. P. 24(a) subject to the conditions outlined below; and it is further

**ORDERED** that the intervenors:

- shall confine their arguments to the First Claim for Relief of the amended complaint and shall not interject new claims or make collateral arguments;

- shall not seek discovery or the introduction of material beyond the agency's administrative record;

- shall be allocated their own page limits and argument time limits separate from the federal defendants;

- shall comply with the Scheduling Order entered by this Court on October 18, 2011;

- shall meet and confer amongst themselves prior to the filing of any motion, responsive filing, or brief to determine whether their positions may be set forth in a consolidated fashion—separate filings by the intervenors shall include a certificate of compliance with this requirement and briefly describe the need for separate filings;

- in the event that a summary judgment motion is filed in this action, shall file

a joint statement of facts with references to the administrative record consistent with Local Rule LCvR 7(h)(2)—to the extent the intervenors cannot agree on the inclusion of particular facts in their joint statement, they may identify such additional facts in bullet-point format in their respective memoranda of points and authorities; and

- shall not file, without further leave of this Court and good cause shown, memoranda of points and authorities in support of or in opposition to any motion in this action in excess of twenty-five (25) pages or reply memoranda in excess of ten (10) pages; and it is further

**ORDERED** that the clerk of this Court is directed to file on the docket the intervenors' answer [Dkt. #12-2], which the intervenors lodged with their motion.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge